UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. ALFORD, | No. 2:12-cv-1470 CKD P |
| Plaintiff, | ORDER AND |
| v. | FINDINGS & RECOMMENDATIONS |
| STEPHEN S. CARLTON, | |
| Defendant. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in his 42 U.S.C. § 1983 civil rights action. Before the court is defendant Carlton's March 7, 2013 motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF Nos. 27, 38), which plaintiff opposes. (ECF Nos. 31, 39.)

In this action, plaintiff challenges "the California state post-convictions DNA statute Penal Code 1405 as construed by the state," arguing California's post-conviction procedures for obtaining DNA evidence are constitutionally inadequate and deprive plaintiff of "his due process 14th Amendment rights." (Compl. ¶ IV, ECF No. 1.) Plaintiff's complaint initially named the Shasta County District Attorney, Gerald C. Benito, as the sole defendant. (Id.) In a prior order, this court granted plaintiff's motion to amend the complaint to substitute Stephen S. Carlton, the

1

1 current District Attorney of Shasta County, as the defendant in this action.  (ECF No. 17.)

2 Moreover, in a prior order, this court noted that plaintiff has filed a similar action in this district, Alford v. Shasta County Superior Court (Alford I), No. 2:11-cv-2583 WBS GGH (E.D. Cal.).  Finding plaintiff's complaint in this action the "equivalent" of plaintiff's "proposed second complaint" in Alford I, this court concluded that plaintiff stated a claim under Skinner,  (ECF No. 4.)

Further review of the court's records, however, reveals that plaintiff's 42 U.S.C. § 1983 claim asserting deprivation of due process was dismissed without leave to amend in Alford I.  In Alford I, plaintiff sought a writ of mandate to order the Shasta County District Attorney, among others defendants, to conduct DNA testing of blood on his shirt for possible exculpatory evidence.  No. 2:11-cv-2583 GGH WBS P, 2012 WL 671941, at *1 (E.D. Cal. Feb. 29, 2012), findings and recommendation adopted in full, Order, March 27, 2012, ECF No. 15.  In dismissing plaintiff's first amended complaint and denying plaintiff's request for leave to amend, "the district court made it plain that there could be no further amendment." WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Specifically, the assigned magistrate judge found: "The court cannot discern any basis, in light of the plainly meritless claims of the amended complaint, upon which further leave to amend could be other than futile."  Alford I, No. 2:11-cv-2583, ECF No. 12, at 7:21-23, 2012 WL 671941, at *4.)  Accordingly, the assigned magistrate judge in Alford I recommended dismissal of plaintiff's complaint without leave to amend, i.e., with prejudice.  The district court adopted these findings and recommendations in full.  Therefore, res judicata applies to the disposition in Alford I.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002) ("dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies").[1]

---

[1] The district court in Alford I included this sentence in the disposition of the order: "Plaintiff's motion for leave to file a second amended complaint is denied without prejudice to plaintiff's right to file a new and separate action." (ECF No. 15 (emphasis added).)  However, the district court also noted: "[Alford's] motion for leave to further amend . . . does not . . . demonstrate how he might cure the defects of the prior incarnations of his complaint."  (Id.)  Considered together with the assigned magistrate judge's recommendation that the action be dismissed with prejudice (which was adopted in full), and in light of "the whole record," the district court apparently did

Considering "the whole record," this court finds the district court in Alford I did not anticipate "further amendment," but instead "made it plain that there could be no further amendment," such that "it was contemplated that the whole action was dismissed on the merits." WMX Techs., Inc., 104 F.3d at 1136.  Therefore, there is an issue whether this action is precluded by res judicata.

"Res judicata, also known as claim preclusion, applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (citation and internal quotation marks omitted).  This doctrine prevents the re-litigation of any claims that were raised, or could have been raised, in a prior action. W. Radio Servs. Co., Inc., v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997).

In this action, plaintiff sues the Shasta County District Attorney—the same party that he sued in Alford I—under 42 U.S.C. § 1983 seeking the release of evidence for DNA testing—essentially the same relief he sought in Alford I.  As discussed above, the litigation in Alford I resulted in a final judgment on the merits.  Therefore, the court finds there is an "(1) identity of claims, (2) a final judgment on the merits, and (3) privity between the parties," Turtle Island Restoration Network, 673 F.3d at 917, such that res judicata precludes re-litigation in this action of the claims previously raised in Alford I.  See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'").

Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court assign a District Judge to this action.

/////

/////

---

not anticipate "further amendment," WMX Techs., Inc., 104 F.3d at 1136, but was instead referring to a "separate action" challenging plaintiff's conviction by way of a petition for habeas corpus as discussed in the magistrate's findings and recommendations, citing Heck v. Humphrey, 512 U.S. 477 (1994).  ECF No. 12 at 4-5.

IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's action be dismissed with prejudice;
2. Defendant's motion to dismiss (ECF No. 27) be denied as moot; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated:  September 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gp / alfo1470.mtd